IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARRELL SMEDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15cv81-WKW-WC |
| ) | |
| CITY OF OZARK, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Defendant's Motion to Dismiss (Doc. 3), Memorandum in Support thereof (Doc. 4), and Plaintiff's "motion"[1] (Doc. 9) filed in response. The District Judge referred this case to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Order (Doc. 5).

Plaintiff, proceeding *pro se*, filed his Complaint in state court on December 19, 2014. The only defendant named in the Complaint is the City of Ozark. Despite filing his Complaint in state court, Plaintiff attempts to invoke federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and asserts that Defendant "deprived [Plaintiff] of a right

---

[1] After the case was referred, the undersigned allowed Plaintiff two weeks to "show cause, if any there be, as to why the motion [to dismiss] should not be granted." Order (Doc. 6) at 1. Rather than showing cause in response to the court's order, Plaintiff filed a document entitled "Motion for Plaintiff," which read, in its entirety, as follows:

> Come now, Plaintiff Darrell Smedley Self Resp. by and through and move this Honorable Court for Motion GRANTED to Plaintiff Smedley follows, (1) Defendant fail to comply with 30 day summon in Dale County Court Clerk. (2) Legal basis, (3) Issue of facts (4) substantive law governing the case, (5) AFFIDAVIT sworn (6) genuine issue, (7) Fourteen Amendment and Eight Amendment, within Plaintiff brief.

Mot. (Doc. 9) at 1.

secured to him by the Constitution or federal law and that the deprivation occurred 'under color of state law.'" Compl. (Doc. 1-2) at 3.  On January 30, 2015, Defendant filed a notice of removal (Doc. 1) along with the Motion to Dismiss (Doc. 3).  After a review of Defendant's Motion to Dismiss and all supporting briefs, and for the reasons that follow, the undersigned RECOMMENDS that Defendant's Motion to Dismiss (Doc. 3) be GRANTED.

I.   STATEMENT OF FACTS

The court has carefully considered the pleadings in this case and all documents submitted in support of, and in opposition to, Defendant's Motion to Dismiss.  The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following relevant facts:

On October 5, 2014, Plaintiff contacted the fire department in the City of Ozark to complain of a fire pit that was causing smoke to fill the air around Plaintiff's house.  Compl. (Doc. 1-2) at 4.  When the fire department arrived at Plaintiff's home, Plaintiff "showed the fireman a fire pit, fumes filled the air and house." *Id.*  Plaintiff then reports that he went into his house. *Id.*

At some point, an unidentified police officer arrived on the scene. *Id.*  Plaintiff reports, "The policeman became biligerandt [sic] and angry," and at some point the officer kicked Plaintiff's screen door, "denting and bending it." *Id.*  "At the sound of the noise from kicking the door, [Plaintiff and his mother] jumped." *Id.*  Plaintiff's mother

asked Plaintiff, "Why you jump[?]" to which Plaintiff replied, "he just kick[ed] the screen door." *Id.* At some point during the encounter, the officer

> told the fireman, "We overseer, I know how to handle black folks, that them Smedley folks, they don't do nothing," shouting, ["]Darrell! I need to check for a liquor smell[."] [Plaintiff] stepped out on the patio. Defendant City of Ozark[(presumably the officer)] stated, ["]do you want to file a report[?"] [Plaintiff] repl[i]ed "NO, I call a fireman, fire department, not a policeman." Fireman stated to officer, "he call a fire man." The officer didn't know how to react and respond to a call.

*Id.*

As best the court can discern, Plaintiff's complaint asserts (1) a civil rights claim, brought pursuant to 42 U.S.C. § 1983, based on violations of the Eighth Amendment; (2) a claim for "criminal liability"; and (3) various state law claims, including outrage, intentional infliction of emotional distress, and defamation of character. *Id.* As relief, it appears Plaintiff seeks monetary relief in the form of both compensatory and punitive damages, a full amount of court costs, injunctive and declaratory relief, and that the City of Ozark (or perhaps the officer?) be held criminally liable for the events that occurred on October 5, 2014. *Id.*

## II.    STANDARD OF REVIEW

Defendant has moved the court to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction" and, as such, possess only the power to hear cases as authorized by the Constitution or the laws of the United States. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[B]ecause a federal court is powerless to

act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Thus, a federal court "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings" and, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Defendant has also moved the court to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "Under [Rule 12(b)(6)], whether a plaintiff failed to state a claim upon which relief can be granted must be ascertained from the face of the complaint." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1266 n.11 (11th Cir. 1997). Generally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996). In considering a motion pursuant to Rule 12(b)(6), the court must "accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004).

### III. DISCUSSION

#### A. *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant seeks dismissal of Plaintiff's claims for criminal liability and injunctive relief for lack of subject matter jurisdiction, or, more specifically, for Plaintiff's lack of standing. Def.'s

Br. (Doc. 4) at 4. Defendant asserts that "[w]hen a plaintiff lacks standing to prosecute a claim, the court lacks subject matter jurisdiction over that claim." *Id.* at 4 (citing *Cone Corp. v. Fla. Dep't of Transp.*, 921 F. 2d 1190, 1203 n.42 (11th Cir. 1991)).

> Prior to considering the merits of any claim, a court
>
> first must determine if [a plaintiff] has standing to "invoke the power of the federal courts." *Steele v. Nat'l Firearms Act Branch*, 755 F.2d 1410, 1413 (11th Cir. 1985). "This is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205, 45 L. Ed. 2d 343 (1975); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 616, 93 S. Ct. 1146, 1148, 35 L. Ed. 2d 536 (1973) ("Before we can consider the merits of [a] claim or the propriety of the relief requested . . . [a plaintiff] must first demonstrate that [he] is entitled to invoke the judicial process."). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. —, 133 S. Ct. 1138, 1146, 185 L. Ed. 2d 264 (2013) (quotations omitted).

*Morales v. U.S. Dist. Court for S. Dist. of Florida*, 580 F. App'x 881, 885 (11th Cir. 2014). At a minimum, a plaintiff

> must satisfy three requirements to have standing under Article III of the Constitution: (1) "injury-in-fact"; (2) "a causal connection between the asserted injury-in-fact and the challenged action of the defendant"; and (3) "that the injury will be redressed by a favorable decision." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (internal quotation marks omitted) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992)). "These requirements are the irreducible minimum required by the Constitution for a plaintiff to proceed in federal court." *Id.* (internal quotation marks omitted) (citing *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 664, 113 S. Ct. 2297, 2302, 124 L. Ed. 2d 586 (1993)).

*Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013).

As to Plaintiff's attempt to impose criminal liability on the City of Ozark and/or the unidentified police officer, Defendant argues that Plaintiff's claim is due to be dismissed for lack of standing because "Plaintiff has nothing to gain from the prosecution of the City of Ozark" and thus "lacks a judicially cognizable interest in having the City prosecuted." Def.'s Br. (Doc. 4) at 6. The court agrees.

> [A]lthough [an individual] has an interest in the prosecution of those responsible for [legal wrongs against him], a private citizen's interest in the . . . criminal prosecution of another person is not a judicially cognizable interest for standing purposes. *Linda R.S.*, 410 U.S. at 619, 93 S. Ct. at 1149 (concluding that "a citizen lacks standing to contest . . . the prosecuting authority['s policies] when he himself is neither prosecuted nor threatened with prosecution" and "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" (citations omitted)).

*Morales*, 580 F. App'x at 887. Accordingly, any claims seeking criminal liability are due to be dismissed for lack of standing.

As to Plaintiff's request for injunctive relief, Defendant argues that Plaintiff lacks standing because "the Complaint's factual allegations do not plausibly demonstrate that the Plaintiff has suffered an injury that will be redressed by injunctive relief." Def.'s Br. (Doc. 4) at 9. More specifically, Defendant explains that Plaintiff's only injury at issue "is no longer ongoing" and, thus, "injunctive relief will not provide redress." *Id.* at 10. The court agrees that Plaintiff's Complaint has not presented allegations that plausibly demonstrate a sufficient injury-in-fact.

> The "injury-in-fact" demanded by Article III requires an additional showing when injunctive relief is sought. In addition to past injury, a plaintiff seeking injunctive relief "must show a sufficient likelihood that he will be

6

> affected by the allegedly unlawful conduct in the future." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001). Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *Shotz*, 256 F.3d at 1081; *Wooden*, 247 F.3d at 1284 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983)).

*Houston*, 733 F.3d at 1328-29. Plaintiff has not provided factual allegations to show a substantial likelihood that he will be affected by the allegedly unlawful conduct in the future. Simply, Plaintiff has failed to demonstrate a real and immediate threat of future injury requiring injunctive relief. Accordingly, any claims seeking injunctive relief are due to be dismissed for lack of standing.

### B.   *Motion to Dismiss for Failure to State a Claim*

Defendant moves the court to dismiss Plaintiff's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for Plaintiff's failure to state a claim upon which relief can be granted. Def.'s Br. (Doc. 4) at 13-30.

#### 1.   **42 U.S.C. § 1983 Claim based on the Eighth Amendment**

Plaintiff appears to bring a § 1983 claim based on alleged violations of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Compl. (Doc. 1-2) at 6-7. Plaintiff asserts that "Defendant City of Ozark behavior is essentially kicking a screen door inflicting punishment," and "the Eight[h] Amend[ment] does apply to Plaintiff Smedley because it was design[ed] to protect." *Id.* at 6, 7. Defendant asserts that Plaintiff fails to state a claim pursuant to 42 U.S.C. § 1983 because he "does not

7

plausibly demonstrate municipal liability for a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." Def.'s Br. (Doc. 4) at 16.

A review of Plaintiff's Complaint makes clear beyond doubt that Plaintiff can prove no set of facts in support of his claim that Defendant violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment does not protect an individual from cruel and unusual punishment prior to formal criminal adjudication. *See Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."); *Baker v. Putnal*, 75 F.3d 190, 198 (5th Cir. 1996) ("[T]he Eighth Amendment . . . protects only those who have been convicted."); *Lynch v. Cannatella*, 810 F.2d 1363, 1375 (5th Cir. 1987) ("the eighth amendment prohibition against cruel or unusual punishment is not applicable to cases in which the plaintiffs were not in custody as a result of having been convicted of a crime"); *Benedict v. Sw. Penn. Human Servs., Inc.*, No. 2:14-CV-0678, 2015 WL 1359147, at *14 n.6 (W.D. Pa. Mar. 24, 2015) ("if there has not yet been adjudication and punishment issued, there can be no cruel and unusual *punishment* for Eighth Amendment purposes"); *Dillon v. Clackamas Cnty.*, No. 3:14-CV-00820-ST, 2014 WL 6809772, at *5 (D. Or. Dec. 2, 2014) ("The Eighth Amendment bar to "cruel and unusual punishment" applies only to convicted prisoners.").

The Complaint does not allege any facts that would indicate Plaintiff has been subject to formal criminal adjudication. Accordingly, Plaintiff's § 1983 claim alleging violations of the Eighth Amendment is due to be dismissed for failure to state a claim upon which relief can be granted.

### 2. "Criminal Liability"

Defendant asserts that Plaintiff has failed to "state a claim for criminal liability upon which relief can be granted." Def.'s Br. (Doc. 4) at 29. As the court discussed above, Plaintiff does not have standing to assert a claim seeking the criminal prosecution of another individual, and thus the court finds it unnecessary to discuss whether Plaintiff has properly stated a claim that he lacks standing to assert.

### 3. Various State Law Claims

To the extent Plaintiff seeks to raise state law claims, those claims are due to be dismissed, as the exercise of this court's supplemental jurisdiction would be inappropriate. The exercise of this jurisdiction is discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996). Because the court recommends dismissal of Plaintiff's federal claims for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Gibbs*, 383 U.S. at 726; *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

## IV.   CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Defendants' Motion to Dismiss (Doc. 3) be GRANTED and this case be dismissed.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 9, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 26th day of August, 2015.

                                           /s/ Wallace Capel, Jr.
                                           WALLACE CAPEL, JR.
                                           UNITED STATES MAGISTRATE JUDGE